FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**October 9, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

GWEN B. WITHERSPOON, as Trustee of
the Gwen B. Witherspoon Revocable
Living Trust dated August 10, 1998,

    Plaintiff - Appellant

v.

CHRISTOPHER D. INCE; RACHAEL S.
INCE; HOWARD P. PAYNE; SUE A.
PAYNE,

    Defendants - Appellees,

and

BOARD OF COUNTY
COMMISSIONERS OF GARVIN
COUNTY, OKLAHOMA; LORI FULKS,
Clerk of Garvin County, Oklahoma, in her
official capacity,

    Defendants.

No. 24-6194
(D.C. No. 5:22-CV-00613-G)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Gwen Witherspoon appeals the district court's dismissal, pursuant to Fed. R. Civ. P. 12(b)(1), of her 42 U.S.C. § 1983 action against Christopher and Rachel Ince and Howard and Sue Payne (collectively, the "Landowners"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND[1]

Witherspoon owns land in Garvin County, Oklahoma. The Landowners own an adjoining parcel of land. The Landowners, by use of three Oklahoma statutes—Okla. Stat. tit. 27, § 6; Okla. Stat. tit. 66, § 53; and Okla. Stat. tit. 69, § 1201—sought "to take a twenty-foot road easement on the west side of the Witherspoon parcel by eminent domain for their private use." Aplt. App. at 11, ¶ 12. State court proceedings related to this attempted taking are still ongoing. *Id.* at 25, ¶ 70. Witherspoon argues the Oklahoma takings statutes are unconstitutional under the Fifth and Fourteenth Amendment.

Witherspoon sued the Landowners, the Garvin County Board of County Commissioners, and the Garvin County Clerk in federal court under § 1983. The district court dismissed the claims against the Board and the Clerk under Fed. R. Civ. P. 12(b)(6). In two later, near-identical orders, the court dismissed the claims against the Landowners under Rule 12(b)(1) on the basis that the Landowners

---

[1] The facts we recite here come from Witherspoon's Amended Complaint, the well-pleaded allegations of which we take as true in analyzing a motion to dismiss under Rule 12(b)(1). *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015).

were not acting "'under color of state law,'" which is "'a jurisdictional requisite for a § 1983 action.'" *See* Aplt. App. at 191, 198 (each quoting *West v. Atkins*, 487 U.S. 42, 48 (1988), and *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981)). Witherspoon appeals the dismissal of the Landowners.[2]

## DISCUSSION

We review issues of subject-matter jurisdiction de novo. *See U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002). When reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction which, as this one did, takes the form of a facial attack, we "accept as true the factual allegations of the Complaint." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015).

Section 1983 creates civil liability for "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State . . .*, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (internal quotation marks omitted).

---

[2] We granted Witherspoon's motion to dismiss the Board and the Clerk as Appellees.

3

The Amended Complaint, though, acknowledged the Landowners were "private persons." Aplt. App. at 10, ¶ 2. Indeed, their status as private persons is one basis for Witherspoon's argument that Okla. Stat. tit. 27, § 6, by permitting takings for private use, violates the Fifth Amendment. *See id.* at 31, ¶ 92. Witherspoon, though, argues the Landowners are liable under § 1983 on two bases: first, she argues the Landowners' use of the Oklahoma statutes constitutes state action because eminent domain is traditionally a public function the state exercises. Second, she argues the Landowners' private condemnation action amounted to joint action with the state.

### A. "Public Function"

We first reject Witherspoon's contention that the Landowners are state actors because private condemnation is a power traditionally exercised by the state. We have held that "[i]f the state delegates to a private party a function *traditionally exclusively reserved* to the State, then the private party is necessarily a state actor." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1456 (10th Cir. 1995) (internal quotation marks and citation omitted) (emphasis added). But "[t]his test is difficult to satisfy." *Id.* "While many functions have been traditionally performed by governments, very few have been exclusively reserved to the State." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 158 (1978) (internal quotation marks omitted).

The power of eminent domain, as the Oklahoma state constitution delimits it, is not such a public function. Oklahoma's constitution expressly allows takings "for private ways of necessity . . . in such manner as may be prescribed by law."

4

Okla. Const. art. II, § 23. The manner prescribed by law is set forth in one of the Oklahoma statutes Witherspoon seeks to challenge here—Okla. Stat. tit. 27, § 6— which provides, in relevant part: "Any *private person*, firm or corporation *shall have power to exercise the right of eminent domain . . . for private ways of necessity . . . .*" (emphasis added). So the district court did not err in concluding Witherspoon failed to show the Landowners were performing a public function that would render them reachable under § 1983.

## B. "Joint Activity"

The Supreme Court "has held that if a private party is a willful participant in joint activity with the State or its agents, then state action is present." *Gallagher*, 49 F.3d at 1447 (internal quotation marks omitted). But in the course of determining the reach of the joint activity doctrine under § 1983, we have also held "[a] private individual does not engage in state action simply by availing herself of a state procedure." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000).

Witherspoon does not address *Scott* in either her opening brief or her reply brief. To the contrary, she asserts the district court "pass[ed] over facts of joint action alleged in the Amended Complaint." Aplt. Reply Br. at 5. But each of the "facts of joint action" she points out—the commissioning of appraisers; the payment of the appraised value of the condemned property; and various notices, amendments, pleadings, motions, and exceptions in accompanying state proceedings—is an example of private availment of Oklahoma's procedures. *See id.* at 5–6. Witherspoon challenges the fairness and constitutionality of those procedures, but

such challenges (whatever their merit) do not render the Landowners liable under

§ 1983.

Because the Landowners' use of Oklahoma's private condemnation statutes

did not constitute the exercise of a public function or a joint action with the state, the

district court correctly dismissed Witherspoon's § 1983 action against them.

## CONCLUSION

We affirm the judgment of the district court.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge